**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY,<br><br>*Plaintiff*,<br>v.<br><br>MAC PROPERTY MANAGEMENT LLC, d/b/a MAC PROPERTIES; and RYSHEENA MOORE, CANDEIDGA COLEMAN, JANISHIA FLEMING, AND SHELIAH AYANWALE, on behalf of themselves and all others similarly situated and H.O.P.E., INC., d/b/a/ HOPE FAIR HOUSING CENTER,<br><br>*Defendants*. | ) | No. 26 C 6331<br><br>Chief Judge Virginia M. Kendall |

**OPINION & ORDER**

Rysheena Moore, Candeiga Coleman, Janishia Fleming, Sheliah Ayanwale, and H.O.P.E. (collectively, the "Underlying Plaintiffs") filed a lawsuit against Defendant and Counter-Plaintiff MAC Property Management LLC ("MAC"). Plaintiff and Counter-Defendant Landmark American Insurance Company ("Landmark") then filed this lawsuit against MAC and the Underlying Plaintiffs, seeking a declaration regarding its duty to defend and indemnify MAC. (Dkt. 1). MAC brought a counterclaim in its Answer [14], in part, requesting statutory damages, attorneys' fees, and other costs under Section 155 of the Illinois Insurance Code (215 ILCS 5/155). Landmark now moves to dismiss MAC's request for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 20). For the reasons below, the Court denies Landmark's Motion to Dismiss [20].

## BACKGROUND

Landmark, an insurance company, issued a professional liability policy (the "Policy") to MAC, a property management, leasing, and real estate company for the policy period of December 24, 2023, to December 24, 2024. (Dkt. 14 at 18). The Policy required that Landmark indemnify MAC for all damages and costs associated with claim expenses arising from its negligent acts, errors, or omissions. (*Id.*). Landmark had "to defend any Claim against MAC seeking Damages to which this policy applies, even if any of the allegations of the Claim are groundless, false or fraudulent." (*Id.*) (cleaned up). The Policy also provided that Landmark would pay expenses arising out of Fair Housing Discrimination claims but limited the obligation for its defense of such claims to $250,000. (Dkt. 1 at 9-10). In December 2024, the Underlying Plaintiffs filed a lawsuit against MAC for violating the Fair Housing Act. (*Id.* at 4). On May 29, 2026, Landmark filed a Complaint for Declaratory Judgment seeking a declaration regarding its duty to defend and indemnify MAC under the Policy. (Dkt. 1 ¶ 2). Landmark agreed to defend MAC, but it requested that the Court issue a declaration stating that, under the Policy, Landmark only remains liable for a $250,000 sublimit for the underlying lawsuit. (*Id.* ¶¶ 3-4).

On July 31, 2026, along with its Answer to Landmark's Complaint, MAC filed a Counterclaim. (Dkt. 14 at 17-22). In its Counterclaim, MAC asserts that, because Landmark attempted to limit its defense obligation to $250,000, it failed and refused to fully defend MAC against the underlying lawsuit and therefore, breached the Policy. (*Id.* at 21). MAC requested an award of attorneys' fees and costs, as well as "the maximum additional amount awardable under 215 ILCS § 5/155[.]" (*Id.* at 22). Landmark now moves to dismiss MAC's request for relief under section 155 as it claims that MAC failed to state a claim upon which the Court can grant relief. (Dkt. 20 at 4).

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotes omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. In considering factual allegations, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Orr v. Shicker*, 147 F.4th 734, 741 (7th Cir. 2025) (quoting *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 751 (7th Cir. 2021). Courts "accept the well-pleaded facts in the complaint as true and draw reasonable inferences in [the nonmoving party's] favor." *Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 475 (7th Cir. 2024).

## DISCUSSION

MAC filed a single count counterclaim against Landmark, alleging that Landmark breached its duty to defend MAC. (Dkt. 14). As a part of its counterclaim, MAC requested compensatory damages, attorney fees and costs, the "maximum" amount awardable under 215 ILCS § 5/155, and any other relief the Court deemed proper. (*Id.* at 22). In response, Landmark filed the present Motion to Dismiss, asserting that MAC failed to state a claim when it requested relief under section 155, and even if MAC did plausibly state a claim for relief, a *bona fide* dispute exists, which cannot form a section 155 "claim." (Dkt. 20 at 2). In the alternative, Landmark requests that the Court strike MAC's section 155 request for relief under Rule 12(f). (Dkt. 25).

## I. Rule 12(b)(6) Motion to Dismiss Section 155

At the outset, the Court clarifies what Landmark seeks to dismiss and what it does not. Landmark moves to dismiss MAC's request for damages under section 155. (Dkt. 20 at 2-3). Nowhere in Landmark's briefings in support of its Motion to Dismiss does Landmark seek dismissal of MAC's counterclaim for Landmark's alleged breach of its duty to defend. (*See* Dkts. 20, 25). Accordingly, the Court only addresses whether it should dismiss MAC's request for relief under section 155.

As a part of MAC's breach of duty to defend counterclaim, MAC seeks relief under Section 155 of the Illinois Insurance Code. Section 155 permits the Court to award attorneys' fees, costs, and statutory damages "in any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable." 215 ILCS 5/155. As such, section 155 provides parties with a remedy for specific actions; it "does not create a cause of action." *Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 519 (7th Cir. 2025) (cleaned up); *see Quality Beauty Supply Co. v. Selective Ins. Grp., Inc.*, 2026 WL 800550, at *9 (N.D. Ill. Mar. 23, 2026) (a section 155 claim "is not a claim at all.") (cleaned up). Indeed, the statute "supplements the remedies otherwise available in an action for breach of contract[.]" *Wolf*, 132 F.4th at 520.

Because section 155 does not exist as a standalone claim, MAC asserts that Landmark cannot move to dismiss its section 155 request for relief under Rule 12(b)(6). (Dkt. 23 at 6-7). As discussed above, section 155 does not create a cause of action because "it is not a claim at all." *Quality Beauty Supply Co., Inc.*, 2026 WL 800550 at *9. (cleaned up). Section 155 instead "provides a supplemental remedy for an insurer's unreasonable delay in settling an insurance claim

in an action for breach of contract." *Wolf*, 132 F.4th at 517. Because "[a] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims," and section 155 is a part of MAC's counterclaim, Landmark improperly relies on Rule 12(b)(6) to dismiss MAC's request for relief. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015); *see also Signal Funding, LLC v. Sugar Felsenthal Grais & Helsinger LLP*, 136 F.4th 718, 724 (7th Cir. 2025) (same).

Landmark, however, argues that the Court can dismiss MAC's section 155 relief request under Rule 12(b)(6). To support its position, Landmark relies on non-binding authority. Not only does Landmark solely rely on district court decisions, but these cases either predate *BBL*[1] or deal with issues distinct from the question before the Court today.[2] Landmark does not cite to a single case that refutes clear precedent which prevents the Court from engaging in "piecemeal" dismissals during a Rule 12(b)(6) motion or disproves the inability of parties to rely on Rule 12(b)(6) to dismiss a request for remedies under section 155. Accordingly, the Court denies Landmark's motion to dismiss MAC's request for damages under section 155.

---

[1] *BBL, Inc. v. City of Angola* states that "[a] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." 809 F.3d 317, 325 (7th Cir. 2015). Any case that came before *BBL*, and allowed "piecemeal" motions to dismiss, should have a different outcome today. *See e.g.*, *Felsenthal v. Travelers Prop. Cas. Ins. Co.*, 2013 WL 1707931 (N.D. Ill. Apr. 19, 2013); *Kondaur Capital Corp. v. Stewart Title Co.*, 2012 U.S. Dist. LEXIS 13338 (N.D. Ill. Feb. 2, 2012); *Scottsdale Ins. Co. v. City of Waukegan*, U.S. Dist. LEXIS 88689 (N.D. Ill. Sept. 10, 2007).

[2] *See e.g.*, *Rasho v. MemberSelect Ins. Co.*, 2025 WL 2023288, at *1 (N.D. Ill. July 18, 2025) ("[defendant] again moves to dismiss [p]laintiffs' Section 155 claim (Count II) pursuant to Federal Rule of Civil Procedure 12(b)(6)."); *Chi. Auto Recon, Inc. v. Republic Franklin Ins. Co.*, 2024 U.S. Dist. LEXIS 99804, *9 (N.D. Ill. Feb. 28, 2024) ("The Court begins with Count III, Chicago's § 155 claim."); *Leonard S. v. Health Care Serv. Corp.*, 2023 WL 7182988, at *2 (N.D. Ill. Nov. 1, 2023) ("[defendant] now moves to dismiss [plaintiff's] Section 155 claim under Federal Rule of Civil Procedure 12(b)(6)."); *Xingkai Bao v. Memberselect Ins. Co.*, 2022 U.S. Dist. LEXIS 74667, at *13 (N.D. Ill. Apr. 25, 2022) ("Count II of [plaintiff's] complaint alleges [defendant's] conduct in handling his claim was 'vexatious and unreasonable' and seeks recovery of fees and costs under Section 155 of the Illinois Insurance Code."); *Edwards v. Depositors Ins. Co.*, 2021 WL 25360 (S.D. Ill. Jan. 4, 2021) (no discussion on whether parties can rely on Rule 12(b)(6) to dismiss a section 155 claim); *Southall v. Force Partners, LLC*, 2021 WL 3883082, at *3 (N.D. Ill. Aug. 31, 2021) (defendant moved to dismiss the plaintiff's request for statutory damages under 17 U.S.C. § 504).

**II. Rule 12(f) Motion to Strike Section 155**

Landmark, in its reply, alternatively argues that the Court should strike MAC's section 155 request for relief under Federal Rule of Civil Procedure 12(f). (Dkt. 25 at 5). District Courts, however, "are entitled to treat an argument raised for the first time in a reply brief as waived." *O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020); *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("the district court is entitled to find that an argument raised for the first time in a reply brief is forfeited."); *Bodenstab v. County of Cook*, 569 F.3d 651, 658 (7th Cir. 2009) (movant "did not develop these arguments until his reply brief and thus has waived any such argument."). Because Landmark does not address this argument in its Motion to Dismiss, only in its Reply, Landmark has waived it. Even if the Court did not treat Landmark's Rule 12(f) argument as waived, Landmark provides mere conclusory assertions to support its request that the Court dismiss MAC's section 155 relief request. (Dkt. 25 at. 5). The Court, therefore, denies Landmark's request to strike MAC's section 155 request for relief under Rule 12(f).

**CONCLUSION**

For the reasons set forth above, the Court denies Plaintiff and Counter-Defendant's Motion to Dismiss [20].

Virginia M. Kendall
United States District Judge

Date: November 10, 2026